**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

*Attorneys for Plaintiff,*
Natalie Rossetti

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NATALIE ROSSETTI; INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**STEARN'S PRODUCTS, INC. d/b/a DERMA E®,**<br><br>Defendant. | **Case No.:** 2: 16-cv-01875-GW-SS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**1)  VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT (CAL. CIVIL CODE §§ 1750, ET SEQ.);**<br>**2)  CALIFORNIA BUS. & PROF. §§ 17533.7 (CALIFORNIA FALSE "MADE IN U.S.A." CLAIM);**<br>**3)  CALIFORNIA BUS. & PROF. §§ 17200 ET SEQ.**<br>**4)  NEGLIGENT MISREPRESENTATION**<br>**5)  INTENTIONAL MISREPRESENTATION**<br><br>**JURY TRIAL DEMANDED** |

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**INTRODUCTION**

1. NATALIE ROSETTI (hereinafter "Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of STEARN'S PRODUCTS, INC. d/b/a DERMA E® (hereinafter "Defendant") in unlawfully labeling Defendant's personal care products, with the false designation and representation that the products are/were "Made in the U.S.A." Defendant's unlawfully labeled products are sold online and in various stores throughout the United States.[1] Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. As stated by the California Supreme Court in *Kwikset v. Superior Court* (January 27, 2011) 51 Cal4th 310, 328-29:

> **Simply stated: labels matter**. The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities that may come to associate with a particular source…In particular, **to some consumers**, the "Made in U.S.A." label matters. A range of motivations may fuel this preference, from the desire to support domestic jobs to beliefs about quality, to concerns about overseas environmental or labor conditions, to simple patriotism. The Legislature has recognized the materiality of this representation by specifically outlawing deceptive and fraudulent "Made in America" representations. (Cal. Bus. & Prof. Code section 17533.7; see also Cal. Civ. Code § 1770, subd. (a)(4) (prohibiting deceptive representations of geographic origin)). The object of section 17533.7 "is to protect consumers from being misled when they purchase products in the belief that they are advancing the interest of the United States and its industries and workers…"

---

[1] Plaintiff purchased Defendant's mislabeled derma e® Hydrating Mask with Hyaluronic Acid, which in part is the subject matter of this lawsuit, from an online

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

3. Defendant's "Made in the USA" claim (or some derivative thereof) is prominently printed on Defendant's products, including the derma e® Hydrating Mask with Hyaluronic Acid (hereinafter referred to as the "Product") purchased by Plaintiff. (A true and correct copy of a picture of Defendant's Product is attached hereto as Exhibit A). Contrary to Defendant's representation on the label and/or packaging of its products , Defendant's Class Products[2], including the Product purchased by Plaintiff, include foreign ingredients in violation of California law.

4. This nationwide sale and advertising of deceptively labeled products constitutes violations of: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq.; (2) California's False Advertising Law ("FAL"), Bus. & Prof. Code § 17533.7; and, (3) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200 et seq.; (4) negligent misrepresentation; and (5) intentional misrepresentation. This conduct caused Plaintiff and other similarly situated damages, and requires restitution and injunctive relief to remedy and prevent further harm.

5. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

//

---

[2] Plaintiff seeks class wide relief on behalf of all purchasers of any of Defendant's personal care products that are substantially similar to the Product purchased by Plaintiff and labeled as "Made in the USA" (or some derivative thereof) and which are foreign-made or incorporates foreign-made components in violation of California law, not just the specific product purchased by Plaintiff (the "Class Products"). A non-exhaustive list of Class Products is attached hereto as Exhibit B.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### JURISDICTION AND VENUE[3]

6. The Court has jurisdiction over Plaintiff's claims for damages, restitution, injunctive relief, and declaratory relief arising form Defendant's unlawful business practices under California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200 et seq. and California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500 et seq; as well as negligent misrepresentation and intentional misrepresentation.

7. This Court has personal jurisdiction over Defendant because Defendant does business in the State of California, is incorporated in the State of California, has sufficient minimum contacts with this state, and otherwise purposely avails itself of the markets in this state through the promotion, sale, and marketing of its products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in the County of Los Angeles, pursuant to California Code of Civil Procedure section 395(a) because Plaintiff resides within this county and many of the acts and transactions giving rise to this action occurred in this district because Defendant:

---

[3] Plaintiff notes that Defendant has improperly removed this action to this Court because the Court lacks subject matter jurisdiction. Defendant's Notice of Removal states that the Court has jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"). That provision grants federal jurisdiction in certain class actions even if the parties do not meet the complete diversity requirement of 28 U.S.C. § 1332(a). 28 U.S.C. § 1332(d)(2)(A); however, this grant of jurisdiction does not apply if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Here, because Plaintiff's proposed class includes persons within California, Defendant is also a citizen of California, and Plaintiff filed the action in California, it appears that this action lacks even minimal diversity and thus fails the jurisdictional test under 28 U.S.C. § 1332(d). Accordingly, Plaintiff is preparing to file a Motion to Remand this case to the appropriate state court.

---

    a.  is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

    b.  does substantial business within this district; and is subject to personal jurisdiction in this county;

    c.  and is subject to personal jurisdiction in this district.

### PARTIES

9.  Plaintiff is an individual residing in the City of Long Beach, County of Los Angeles, State of California.

10. Defendant is a corporation that is organized and exists under the laws of the State of California and doing business in the State of California as "Stearn's Products, Inc."

11. Defendant is an American producer of non-medicinal skin creams that conducts business through Internet sales and mail orders, and at numerous retail stores within the United States. One of the products sold by Defendant is the derma e® Hydrating Mask with Hyaluronic Acid product purchased by Plaintiff.[4]

### NATURE OF THE CASE

12. At all times relevant, Defendant made, affirmative misrepresentations regarding its Class Products, including the Product purchased by Plaintiff, it manufactures, markets and sells. Specifically, Defendant packaged, promoted, and sold its Class Products as "Made in the USA," or some derivative thereof.

13. Defendant represents that its Class Products are "Made in the USA" (or some derivate thereof), however, Defendant's Class Products are wholly and/or substantially manufactured or produced with components that are

---

[4] Plaintiff purchased the mislabeled derma e® Hydrating Mask with Hyaluronic Acid product, which in part is the subject matter of this lawsuit, from www.LuckyVitamin.com.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

manufactured, grown and/or sourced outside of the United States, contrary to Defendant's representation on the label and/or packaging of its products.

14. Each consumer, including Plaintiff, was exposed to virtually the same material misrepresentations, as the similar labels were prominently placed on all of the Defendant's Class Products that were sold, and are currently available for purchase, to consumers throughout the U.S. and the State of California.

15. As a consequence of Defendant's unfair and deceptive practices, Plaintiff and other similarly situated consumers have purchased Defendant's Class Products under the false impression that the products were actually made in the USA.

16. As a result of Defendant's misrepresentations, Plaintiff and other consumers similarly situated overpaid for the Defendant's Class Products, and/or purchased the Class Products under the false belief that the product they purchased was made in the USA. Had Plaintiff and other consumers similarly situated been made aware that Defendant's Class Products were not actually made in the USA, they would not have purchased the products.

17. As a result of Defendant's false and misleading statements and failure to disclose (or adequately disclose), as well as Defendant's other conduct described herein, Plaintiff and other similarly situated consumers purchased thousands, if not millions, of Defendant's Class Products and have suffered, and continue to suffer, injury in fact, including the loss of money and/or property.

18. Defendant's conduct as alleged herein violates several California laws, as more fully set forth herein.

19. This action seeks, among other things, equitable and injunctive relief; restitution of all amounts illegally retained by Defendant; and disgorgement of all ill-gotten profits from Defendant's wrongdoing alleged herein.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## FACTUAL ALLEGATIONS

20. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendant manufactures, markets and/or sells various non-medicinal skin cream products that have been and are currently still represented as "Made in the USA." Defendant's makes these representations on the Class Products' labels and/or packaging.

22. Contrary to the representation, Defendant's Class Products are wholly and/or substantially manufactured or produced with components that are manufactured outside of the United States.

23. Based upon information and belief, the offending Product purchased by Plaintiff contains foreign ingredients.

24. Specifically, Defendant's product contains foreign ingredients such as hyaluronic acid, olive and green tea, avocado (persea gratissima), cupuacu butter (organic theobroma grandiflorium), jojoba oil, aloe, and panthenol.

25. Based upon information and belief, the offending Product purchased by Plaintiff, and presumably all of Defendant's Class Products that are substantially similar and contain foreign ingredients, are wholly or partially made of and/or manufactured with foreign materials, contrary to Defendant's "Made in the USA" representations (or some derivative thereof).

26. Defendant represents to the general public via its products label and/or packaging and its Class Products' labels that the Class Products are "Made in the USA." As such, Defendant fraudulently concealed the material facts at issue in this matter by misrepresenting to the general public the true country of origin of the offending products. Defendant possesses superior knowledge of the true facts that were not disclosed, thereby tolling the running of any applicable statute of limitations.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

27. Consumers are particularly vulnerable to these deceptive and fraudulent practices. Most consumers possess limited knowledge of the likelihood that products, including the component products therein, claimed to be made in the United States are in fact manufactured in foreign countries. This is a material factor in many individuals' purchasing decisions, as they believe they are purchasing superior goods while supporting American companies and American jobs.

28. Consumers generally believe that "Made in the USA" products are of higher quality than their foreign-manufactured counterparts. Due to Defendants' scheme to defraud the market, members of the general public were fraudulently induced to purchase Defendant's products at inflated prices.

29. On information and belief, Defendant charged excess monies for its Class Products in comparison to Defendant's competitors during the Class Period of the relevant four-year statutory time period, based on the false "Made in the USA" designation (or some derivative thereof). California laws are designed to protect consumers from such false representations and predatory conduct. Defendant's scheme to defraud consumers for its own self-interest and monetary gain is ongoing and will victimize consumers daily for the foreseeable future unless altered by judicial intervention.

30. On or about August 4, 2015, Plaintiff purchased Defendant's Product online from www.LuckyVitamin.com. At the time of Plaintiff's purchase, and at the time of the filing of this amended complaint, the image displaying the label and/or packaging of Defendant's offending product describes the product as "Made in the USA," when the product actually was made and/or contained components made outside of the United States. As such, Defendant is not entitled to lawfully make representations that the product was "Made in the USA."

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

31. In making the decision to purchase Defendant's Product, Plaintiff relied upon the advertising and/or other promotional materials prepared and approved by Defendant and its agents, and disseminated through its Class Products' packaging containing the misrepresentations alleged herein, including Defendant's "Made in USA" claim as it appeared on the image of the Defendant's product on the retailer's website. Had Plaintiff been made aware that the Product was not actually "Made in the USA," she would not have purchased the Product. In other words, Plaintiff would not have purchased Defendant's product, but for the "Made in the USA" representations on Defendant's Product label

32. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false "Made in the USA" designation set forth on Defendant's product label and/or packaging and on Defendant's product that Plaintiff received

33. The Product Plaintiff received was exactly as Defendant's label and/or packaging appeared in the image of the Defendant's product that Plaintiff relied on at the time Plaintiff purchased the Product.

34. In each case when Plaintiff and putative Class members purchased a Class Product, they relied upon Defendant's "Made in the USA" representation in their purchasing decision, which is typical of most U.S. consumers. Consequently, they were deceived as a result of Defendants' actions. Plaintiff believed at the time she purchased the Product that she was purchasing a superior quality product, supporting U.S. jobs and the U.S. economy, and also supporting ethical working conditions.

35. Component parts made in the U.S.A. are subject to strict regulatory requirements, including but not limited to environmental, labor, and safety standards. Foreign made component parts are not subject to the same U.S. standards and as a result can be potentially much more dangerous to

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

consumers, especially when applied to the skin like Defendant's products. Further, foreign made component parts are also generally of lower quality than their U.S. made counterparts, and routinely less reliable and less durable than their U.S. made counterparts.

36. Consequently, Defendant Class Products containing the foreign ingredients, including Defendant's Product purchased by Plaintiff, are of inferior quality, potentially more dangerous and less reliable, as Defendant falsely represented that these products are "Made in the USA." This results in lower overall customer satisfaction than if the product was truly "Made in the USA" and/or consisting of component parts made in the United States.

37. On information and belief, Defendant's Class Products containing the foreign ingredients, including the Product purchased by Plaintiff, are not worth the purchase price paid by Plaintiff and putative Class members. The precise amount of damages will be proven at the time of trial, in large part, by expert testimony.

38. Plaintiff and Class members were undoubtedly injured as a result of Defendant's false "Made in the USA" representations that are at issue in this matter.

## CLASS ACTION ALLEGATIONS

39. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Plaintiff brings this action individually and on behalf of all others similarly situated against Defendant, pursuant to Federal Rules of Civil Procedure, Rules 23(a), 23(b)(1), 23(b)(2) and 23(b)(3).

41. Plaintiff represents, and is a member of the class, ("the Class") consisting of:

"All persons similarly situated within the state of California who purchased one or more of Defendant's

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Class Products,[5] which were advertised with a "Made in the USA" country of origin designation (or some derivative thereof) but were foreign-made and/or composed of foreign-made component parts, within the four years prior to the filing of the Complaint."

42. Excluded from the Class are Defendant and any of its officers, directors, and employees. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

43. The "Class Period" means four years prior to the filing of the Complaint in this action.

44. **Ascertainability**. Plaintiff does not know the number of members in the Class, but Plaintiff currently believes that there are hundreds of thousands, if not more, members of the Class within the State of California. Because of the nature of Defendant's products, Defendant and Defendant's distributors must keep detailed and accurate records of distribution in order to accurately and effectively execute a recall if so ordered by the Food and Drug Administration or any other organization. Therefore, the members of the Class are ascertainable through Defendant's records and/or Defendant's agents' records regarding retail and online sales, as well as through public notice. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

45. **Numerosity**. The numerosity requirement of Fed. R. Civ. P. Rule 23(a)(1) is satisfied for the aforementioned Class because the members of the Class are so numerous and geographically disbursed that joinder of all Class members is impractical, and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

---

[5] Defendant's Class Products includes, but is not limited to, all of Defendant's products listed in Exhibit B.

46. **Existence and Predominance of Common Questions of Law and Fact.** There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. Common questions of fact and law exist in this matter that predominate over questions that may affect individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the standardized marketing, advertisements and promotions. The common legal and factual questions include, but are not limited to, the following:

   a. Whether Defendant committed the wrongful conduct alleged herein;

   b. Whether Defendant's acts, transactions, or course of conduct constitute the violations of law alleged herein;

   c. Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to Plaintiff and members of the Class;

   d. Whether the members of the Class sustained and/or continue to sustain damages attributable to Defendant's conduct, and, if so, the proper measure and appropriate formula to be applied in determining such damages; and

   e. Whether the members of the Class are entitled to injunctive and/or any other equitable relief

47. **Typicality**. As a person who purchased one or more of Defendant's products, that were advertised with a "Made in the USA" country of origin designation (or some derivative thereof), but contain foreign-made ingredients and/or composed of foreign-made component parts, Plaintiff is asserting claims that are typical of the Class. Plaintiff's claims involve the same violations of law by Defendant as other Class members' claims. Plaintiff and members of the Class also sustained damages arising out of Defendant's common course of conduct complained herein. Accordingly,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Plaintiff satisfies the "typicality" requirement of Fed. R. Civ. P., Rule 23(a)(3) with respect to the Class.

48. **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect the interests of other members of the Class in that Plaintiff has no interests antagonistic to any member of the Class. Further, Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the consumer laws, and specifically violations of the California Business and Professions Code. Thus, Fed. R. Civ. P., Rule 23(a)(4) is satisfied.

49. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and court system and the issues raised by this action. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

of single adjudication, economy of scale, and comprehensive supervision by a single court.  Therefore, a class action is maintainable.

50. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to, or allow its resellers to, advertise, market, promote and package Defendant's Class Products in an unlawful and misleading manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

51. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

### FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT

### CAL. CIV. CODE SECTION 1750, ET SEQ.

52. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. California Civil Code Section 1750 et seq., entitled the Consumers Legal Remedies Act (hereinafter "CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer."   The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

54. Defendant's products constitute "goods" as defined pursuant to Civil Code Section 1761(a).

55. Plaintiff, and the Class members, are each a "consumer" as defined pursuant to Civil Code Section 1761(d).

56. Each of Plaintiff's and the Class members' purchases of Defendant's products constituted a "Transaction" as defined pursuant to Civil Code Section 1761(e).

57. Civil Code Section 1770(a)(2), (4), (5), (7) and (9) provides that:

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
> (2) [m]isrepresenting the source, sponsorship, approval, or certification of goods or services;
> (4) [u]sing deceptive representations or designations of geographic origin in connection with goods or services;
> (5) [r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have;
> (7) [r]epresenting that goods or services are of a particular standard, quality, or grade…; [and]
> (9) [a]dvertising goods or services with intent not to sell them as advertised."

58. Defendant violated Civil Code Section 1770(a)(2), (4), (5), (7) and (9) by marketing and representing that its Class Products are "Made in the USA" when they actually contain foreign-made or manufactured ingredients.

59. Pursuant to section 1782(d), by letter dated September 1, 2015, Plaintiff notified Defendant in writing by certified mail of the particular violations of section 1770 and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to so act.  Defendant failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

all affected consumers within thirty days of the date of written notice pursuant to section 1782. Therefore, Plaintiff and the Class further seek actual, punitive, and statutory damages, as deemed appropriate.

60. On information and belief, Defendant's violations of the CLRA set forth herein were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely for Defendant's self-interest, monetary gain and increased profit. Plaintiff further alleges that Defendant committed these acts knowing the harm that would result to Plaintiff and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

61. Plaintiff further alleges that Defendant committed these acts knowing the harm that would result to Plaintiff and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

62. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false "Made in the USA" representations set forth on the labels and/or packaging of Defendant's products.

63. As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff and members of the Class are entitled to a declaration that Defendant violated the Consumer Legal Remedies Act.

64. Plaintiff, on behalf of herself and the Class demand judgment against Defendant for damages, restitution, punitive damages, statutory damages, pre- and post-judgment interest, attorneys' fees, injunctive and declaratory relief, costs incurred in bringing this action, and any other relief as this Court deems just and proper.

65. Pursuant to section 1780(e) of the California Civil Code, Plaintiff and the Class make claims for damages and attorneys' fees and costs.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

66. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

## SECOND CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE

## BUS. & PROF. CODE, SECTION 17533.7

67. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. Business & Professions Code § 17533.7 provides:

> It is unlawful for any person, firm, corporation or association to sell or offer for sale in this State any merchandise on which merchandise or on its container there appears the words "Made in U.S.A.," "Made in America, " U.S.A.," or similar words when the merchandise or any article, unit, or part thereof, has been entirely or substantially made, manufactured, or produced outside of the United States.

69. Defendant violated Bus. & Prof. Code § 17533.7 by selling and offering to sell products in the State of California with the "Made in the USA" country of origin designation as fully set forth herein. The Class Products at issue in this matter are wholly manufactured outside of the United States and/or contain ingredients that are manufactured outside of the United States in violation of California law.

70. On information and belief, Defendant's violations of Bus. & Prof. Code § 17533.7 as set forth herein were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely for Defendant's self-interest, monetary gain and increased profit. Plaintiff further alleges that Defendant committed these acts knowing the harm that would result to Plaintiff and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

71. As a direct and proximate result of Defendant's violations of Bus. & Prof. Code § 17533.7, Plaintiff and the Class are entitled to restitution of excess

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

monies paid to Defendant by Plaintiff and the Class relating to the false "Made in the USA" representations set forth on the label and/or packaging of Defendant's products.

72. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

**THIRD CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE**

**BUS. & PROF. CODE, SECTION 17200, ET SEQ.**

73. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. Plaintiff and Defendants are each "person[s]" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

75. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," four of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

76. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices prohibited by Bus. & Prof. Code § 17200 et seq.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### A. "Unlawful" Prong

77. Beginning at a date currently unknown through the time of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code § 17200 et seq. by manufacturing, distributing, and/or marketing Defendant's Class Products with a false country of origin designation, in violation of California's CLRA, Civil Code § 1750, et seq., California's False Made In the USA statute, Bus. & Prof. Code §§ 17533.7 by falsely representing that the products referenced herein are "Made in the USA" when Defendant's products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States.

### B. "Unfair" Prong

78. Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant has committed acts of unfair competition that are prohibited by Bus. & Prof. Code section 17200 et seq. Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes by engaging conduct and practices that threaten an incipient violation of law/s or violate the policy or spirit of law/s by manufacturing, distributing, and/or marketing Defendant's products with a false country of origin designation, of in violation of California's CLRA, Civil Code § 1750, et seq., California's False Made In the USA statute, Bus. & Prof. Code §§ 17533.7 by falsely representing that the products referenced herein are "Made in the USA" when Defendant's products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States.

79. Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

engaging in practices that are immoral, unethical, oppressive or unscrupulous, the utility of such conduct, if any, being far outweighed by the harm done to consumers and against public policy by manufacturing, distributing, and/or marketing Defendant's Class Products with a false country of origin designation, in violation of California's CLRA, Civil Code § 1750, et seq., California's False Made In the USA statute and Bus. & Prof. Code §§ 17533.7 by falsely representing that the products referenced herein are "Made in the USA" when Defendant's products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States.

80. Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by engaging in practices, including manufacturing, distributing, marketing, and/or advertising Defendant's products with a false country of origin designation, wherein: (1) the injury to the consumer was substantial; (2) the injury was not outweighed by any countervailing benefits to consumers or competition; and (3) the injury was not of the kind that consumers themselves could not have reasonably avoided.

## C. "Fraudulent" Prong

81. Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, prohibited and in violation of Bus. & Prof. Code § 17200 et seq., by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code § 17200 et seq, by manufacturing, distributing, and/or marketing Defendant's Class Products in violation of California's CLRA, Civil Code § 1750, et seq., California's False Made In the USA statute and Bus. & Prof. Code §§ 17533.7 falsely

representing that the products referenced herein are "Made in the USA" when Defendant's products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States.

82. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date

### D. "Unfair, Deceptive, Untrue or Misleading Advertising" Prong

83. Defendant's advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that Defendant's Class Products are made in the USA, when Defendant's products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States.

84. Plaintiff, a reasonable consumer, and the public would likely be, and, in fact were, deceived and mislead by Defendant's advertising as they would, and did, interpret the representation in accord with its ordinary usage, that the products are actually made in the USA.

85. Defendant's unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue or misleading advertising presents a continuing threat to the public in that Defendant continues to engage in unlawful conduct resulting in harm to consumers.

86. Defendant engaged in these unlawful, unfair, and fraudulent business practices motivated solely by Defendant's self-interest with the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated; thereby unjustly enriching Defendant.

87. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent and constitute a violation of Business & Professions Code section 17200 et seq. Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

88. As a direct and proximate result of the aforementioned acts and representations described above and herein, Defendant received and continues to receive unearned commercial benefits at the expense of their competitors and the public.

89. As a direct and proximate result of Defendant's unlawful, unfair and fraudulent conduct described herein, Defendant has been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff, who unwittingly provided money to Defendant based on Defendant's fraudulent representations.

90. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false representations set forth on the Defendant's Products.

91. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

### FOURTH CAUSE OF ACTION FOR

### NEGLIGENT MISREPRESENTATION

92. Plaintiff repeats, re-alleges and incorporates by reference the above allegations as if fully stated herein.

93. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant represented to the public, including Plaintiff, by packaging and other means, that Defendant's Class Products are made in the USA, when Defendant's products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States.

94. Defendant made the representations herein alleged with the intention of inducing the public, including Plaintiff and putative class members, to purchase Defendant's Class Products.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

95. Plaintiff and other similarly situated persons in California saw, believed, and relied upon Defendant's advertising representations and, in reliance on them, purchased the Class Products, as described herein.

96. At all times relevant, Defendant made the misrepresentations herein alleged when Defendant should have known these representations to be untrue, and Defendant had no reasonable basis for believing the representations to be true.

97. As a proximate result of Defendant's negligent misrepresentations, Plaintiff and other consumers similarly situated were induced to purchase, purchase more of, or pay more for Defendant's Class Products, due to the unlawful acts of Defendant, in an amount to be determined at trial, during the Class Period.

### FIFTH CAUSE OF ACTION FOR
### INTENTIONAL MISREPRESENTATION

98. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if fully stated herein.

99. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant intentionally represented to the public, including Plaintiff, by promoting and other means, that Defendant's Class Products are made in the USA, when Defendant's products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States.

100. Defendant made the representations herein alleged with the intention of inducing the public, including Plaintiff, to purchase Defendant's Class Products for Defendant's own financial gain.

101. Defendant intentionally made such misrepresentations by printing on the Class Products' labels that they were "Made in the USA."

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

102. The statement regarding Defendant's Class Products as being "Made in the USA" was misleading because Defendant's products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States.

103. Plaintiff and other similarly situated persons in California saw, believed, and relied upon Defendant's advertising representations and, in reliance on such representations, purchased the Class Products, as described above.

104. At all times relevant, Defendant intentionally made the misrepresentations herein alleged, allowed the misrepresentations to continue to be made by its resellers and Defendant knew the representations to be false.

105. As a proximate result of Defendant's intentional misrepresentations, Plaintiff and other consumers similarly situated were induced to spend an amount of money to be determined at trial on Defendant's misrepresented Products.

106. Defendant knew that its Class Products were in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States, but nevertheless made the representations described herein with the intention that consumers rely on Defendant's representations.

107. Defendant also knew that retailers were advertising its Class Products as made in the USA, as Defendant designed, manufactured, and affixed the product labeling to its Class Products before supplying the products to retailers.

108. Plaintiff and other consumers similarly situated, in purchasing and using the Class Products as herein alleged, did rely on Defendant's representations, including the representations on Defendant's Class Products' labels, all to their damage and/or detriment as herein alleged.

//

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

109. Plaintiff alleges the "who, what, when, where, and how" of the alleged deception by Defendant as follows:

    a. The "who" is Defendant;

    b. The "what" is Defendant's representation that Defendant's Class Products are "Made in the USA";

    c. The "when" is the date Plaintiff purchased the product and the Class Period of four years prior to the filing of the Complaint;

    d. The "where" is in Defendant's product label and/or packaging; and

    e. The "how" is the allegation that Defendant did not disclose that its Class Products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States.

110. By engaging in the acts described above, Defendant is guilty of malice, oppression, and fraud, and each Plaintiff is therefore entitled to recover exemplary or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

- That the Court determine that this action may be maintained as a Class Action by certifying this case as a Class Action;

- That the Court certify Plaintiff to serve as the Class representative in this matter;

- That Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection statutory claims asserted herein;

- That Plaintiff and each of the other members of the Class recover the amounts by which Defendant has been unjustly enriched;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

- That Defendant be enjoined from continuing the wrongful conduct alleged herein and required to comply with all applicable laws;
- That Plaintiff and each of the other members of the class recover their costs of suit, including reasonable attorneys' fees and expenses as provided by law; and
- That Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

## TRIAL BY JURY

111. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled, and demands, a trial by jury.


Dated: April 4, 2016                Respectfully submitted,

                        **KAZEROUNI LAW GROUP, APC**


                        By: _s/ Abbas Kazerounian_
                                ABBAS KAZEROUNIAN, ESQ.
                                MONA AMINI, ESQ.
                                ATTORNEYS FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626