UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1875-GW(SSx) | Date | June 6, 2016 |
|---|---|---|---|
| Title | *Natalie Rossetti v. Stearn's Products, Inc.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | Anne Kielwasser | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Mona Amini | Angela L. Diesch |

PROCEEDINGS:      **PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION [17];**

**DEFENDANT STEARN'S PRODUCTS, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [12];**

**SCHEDULING CONFERENCE**

Court hears oral argument.  The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling.  Plaintiff Rossetti's motion to remand is DENIED; Defendant Stearn's Product's motion to dismiss is GRANTED WITH LEAVE TO AMEND.  Plaintiff will have until July 6, 2016 to file a Second Amended Complaint.

The Scheduling Conference is continued to July 14, 2016 at 8:30 a.m.  Telephonic appearances are allowed provided notice is given to the clerk two business days prior to the hearing date.

| | : | 06 |
|---|---|---|
| | Initials of Preparer | JG |

*Rossetti v. Stearn's Products, Inc.*, Case No. 2: 16-cv-01875-GW-SS
Tentative Rulings on: (1) Plaintiff's Motion to Remand for Lack of Subject Matter
Jurisdiction, and (2) Defendant's Motion to Dismiss First Amended Complaint


Plaintiff Natalie Rossetti ("Plaintiff") moves to remand this action removed, pursuant to the Class Action Fairness Act ("CAFA"), to this Court by defendant Stearn's Products, Inc. ("Defendant").  Specifically, Plaintiff argues that the case qualifies for both the "home state" and "local controversy" exceptions to CAFA jurisdiction, *see* 28 U.S.C. § 1332(d)(4), and that Defendant failed to establish the greater than $5,000,000 amount in controversy applicable to CAFA cases, *see* 28 U.S.C. § 1332(d)(2).

The case concerns allegations that Defendant unlawfully labeled its personal care products – including the derma e Hydrating Mask with Hyaluronic Acid product that Plaintiff purchased – by falsely representing that they are/were "Made in the U.S.A." when they in fact include foreign ingredients.  *See* First Amended Complaint ("FAC") ¶¶ 1, 3, 11-13, 21-26, 30.  Plaintiff brings five claims for relief, for 1) violation of the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, et seq.; 2) California Bus. & Prof. Code §§ 17533.7 (California false "Made in U.S.A." claim); 3) California Bus. & Prof. Code §§ 17200 et seq.; 4) negligent misrepresentation; and 5) intentional misrepresentation.

In addition to Plaintiff's motion to remand, Defendant moves to dismiss.  The Court will address Plaintiff's motion first because it could, conceivably, moot Defendant's motion (at least in this forum).

### Motion to Remand

As an initial matter, in her motion to remand Plaintiff improperly relies on the FAC she filed on April 4, 2016, once her case was already here in federal court.  *See* Docket No. 9.  But – with only limited exceptions in the Ninth Circuit[1] – the removability

---

[1] The type of post-removal amendment the Ninth Circuit permitted courts to consider in *Benko v. Quality Loan Service Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015) is not at issue here.  *See also* Schwarzer, Tashima, et al., California Practice Guide:  Federal Civil Procedure Before Trial (2016), §§ 2:3073.5-3073.6, at 2D-131.  In that case, the Ninth Circuit allowed consideration of a post-removal amendment which "elaborate[d] on estimates of the percentage of total claims asserted against…an in-state Defendant, and the dollar value of those claims," information that was "directly related to CAFA's local controversy exception" and which "clarif[ied] issues pertaining to federal jurisdiction under CAFA." *Benko*, 789 F.3d at 1117.  Here, the change was a wholesale alteration of the class definition and the scope of the case. *Cf.*

1

of an action is adjudged by way of the complaint as it exists at the time of removal.  *See, e.g.*,  *Doyle v. OneWest Bank*, 764 F.3d 1097, 1098 (9th Cir. 2014); *see also In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010); Schwarzer, Tashima, et al., California Practice Guide:  Federal Civil Procedure Before Trial (2016) ("Schwarzer & Tashima") § 2:3672, at 2D-207.  At the time of removal, the original Complaint was pled as a nationwide class, *see* Complaint ¶ 39,[2] whereas the FAC altered the scope of the case to make it just a California class, *see* FAC ¶ 41.  Having not attempted to argue or demonstrate by way of evidence that two-thirds of the members of the original nationwide class are California citizens – a requirement of both the "home state" and "local controversy" exceptions, *see* Schwarzer & Tashima § 2:3055, at 2D-127 – Plaintiff, who bears the burden on this issue, cannot rely upon those exceptions.  *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) ("[O]nce federal jurisdiction has been established under [§ 1332(d)(2)], the objecting party bears the burden of proof as to the applicability of any express statutory exception under §§ 1332(d)(4)(A) and (B)."); *see also Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) ("The statute does not say that remand can be based simply on a plaintiff's allegations, when they are challenged by the defendant . . . . A complete lack of evidence does not satisfy [the applicable preponderance of the evidence] standard.").  Plaintiff has not requested discovery to attempt to establish that two-thirds of the previously-alleged nationwide class are California citizens.  *See Mondragon*, 736 F.3d at 885 ("We instruct the district court to allow Mondragon an opportunity, if he chooses to do so, to renew his motion to remand and to take jurisdictional discovery tailored to

---

*Doyle v. OneWest Bank*, 764 F.3d 1097, 1098 (9th Cir. 2014) ("For the purpose of considering the applicability of the exceptions to CAFA jurisdiction, the District Court should have determined the citizenship of the proposed plaintiff class based on Doyle's complaint 'as of the date the case became removable.'") (quoting *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013)).

[2] Paragraph 39 of the original Complaint identified the following class Plaintiff sought to represent:

> All persons similarly situated within the state of California and within the United States of America who purchased one or more of Defendant's Class Products, which were advertised with a "Made in the USA" country of origin designation (or some derivative thereof) but were foreign-made and/or composed of foreign-made component parts, within the four years prior to the filing of the Complaint.

Complaint ¶ 39 (footnote omitted).  One could make the argument – not made here – that use of the word "and" between "California" and "within the United States" meant that the class was, even in the original Complaint, limited to people in California.

proving that more than two-thirds of the putative class are citizens of California."); *see also* Schwarzer & Tashima §§ 2:3057, 2:3070.5, at 2D-128, 2D-130.

With respect to the amount in controversy, however, Defendant bears the burden of proof. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015); *see also* Schwarzer & Tashima, § 2:3085, at 2D-133. Here, that burden is adjudged by the preponderance of the evidence standard. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553-54 (2014). While it is true that Defendant did not perform any calculations in its Notice of Removal, *see* Notice of Removal ¶¶ 21, 23-24, or make any other detailed effort therein to demonstrate why the CAFA jurisdictional minimum was present here, the Court may consider Defendant's evidence and argument on that point as part of this motion to remand. *See Dart Cherokee*, 135 S.Ct. at 554 (2014); *see also* Schwarzer & Tashima § 2:3755, at 2D-216; *id.* § 2:2395, at 2D-30 ("[D]efendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question."); *id.* § 2:2402, at 2D-31 (noting that court may permit jurisdictional discovery and make jurisdictional findings under the preponderance standard when there is a dispute as to the amount in controversy); *id.* § 2:3435, at 2D-172 – 173 ("Defendant's notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.' Evidentiary submissions are required only if, after the notice of removal containing that plausible allegation is filed, plaintiff contests, or the court questions, defendant's allegation.").

Defendant's explanation in its Opposition brief of why the jurisdictional minimum is present here is clearly sufficient under the governing preponderance standard. *See* Docket No. 18, at 8:9-11:20. In addition to the attorney's fees and punitive damages Plaintiff seeks, she alleged that there are hundreds of thousands of potential class members *just within California*, and that Plaintiff and other similarly situated consumers purchased "thousands, if not millions, of Defendant's Class Products." Complaint ¶¶ 17, 42. Using the penalties available in connection with Plaintiff's first two causes of action, Defendant demonstrates that an award of the minimum penalties available would itself exceed $5,000,000 if there were only 1,429 class members. *See* Docket No. 18, at 8:23-26. As such, the Court has no doubt that Defendant has met its

burden with respect to the amount-in-controversy question.

The Court therefore denies Plaintiff's motion to remand.

**<u>Motion to Dismiss</u>**

As for the motion to dismiss, the short answer is that Plaintiff is going to have to amend.  The question is whether she will be able to and, at this point, the answer to that question is not clear.  There are at least two reasons why dismissal is warranted – one procedural, and one more on the substantive side.

The procedural issue is simple.  Plaintiff admits that she did not file a venue affidavit for her Consumers Legal Remedies Act claim, as required by California Civil Code § 1780(d):  "In any action subject to this section, concurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action."   That section further provides that "[i]f a plaintiff fails to file the affidavit required by this section, the court *shall*, upon its own motion or upon motion of any party, dismiss the action without prejudice."  Id. (emphasis added).  Plaintiff failed her obligation when she initially filed this case in state court, and she offers no argument now that section 1780(d)'s requirement of a dismissal without prejudice based upon that failing does not apply in federal court.  Indeed, courts have applied the requirement even to cases that were filed directly in federal court.  *See McVicar v. Goodman Global, Inc.*, 1 F.Supp.3d 1044, 1055-56 (C.D. Cal. 2014) (rejecting argument that section 1780(d) does not apply to CLRA claims asserted in federal court, noting that "the majority of federal courts that have considered this requirement have applied it"); *In re Apple In-App Purchase Litig.*, 855 F.Supp.2d 1030, 1037 (N.D. Cal. 2012) ("This court has previously dismissed CLRA claims filed in federal court where plaintiff did not file the required affidavits."); *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HD TV Tele. Litig.*, 758 F.Supp.2d 1077, 1094 (S.D. Cal. 2010).   *But see Sandoval v. PharmaCare US, Inc.*, No. 15-cv-0738-H-JLB, 2015 WL 7351512, *9 (S.D. Cal. Sept. 30, 2015) (ruling that section 1780(d) requirement does not apply when case *filed in federal court*).  For this reason alone, the Court would dismiss the FAC with leave to amend.

The more problematic issue for Plaintiff may very well be Defendant's argument

that she is relying on an outdated version of California's "Made in U.S.A." statute, Business and Professions Code § 17533.7. As Defendant notes, section 17533.7 was amended, effective January 1, 2016, adding subsections (b) through (e):

> (b) This section shall not apply to merchandise made, manufactured, or produced in the United States that has one or more articles, units, or parts from outside of the United States, if all of the articles, units, or parts of the merchandise obtained from outside the United States constitute not more than 5 percent of the final wholesale value of the manufactured product.
>
> (c)(1) This section shall not apply to merchandise made, manufactured, or produced in the United States that has one or more articles, units, or parts from outside of the United States, if both of the following apply:
>
> (A)   The manufacturer of the merchandise shows that it can neither produce the article, unit, or part within the United States nor obtain the article, unit, or part of the merchandise from a domestic source.
>
> (B)   All of the articles, units, or parts of the merchandise obtained from outside the United States constitute not more than 10 percent of the final wholesale value of the manufactured product.
>
> (d)   This section shall not apply to merchandise sold for resale to consumers outside of California.
>
> (e)   For purposes of this section, merchandise sold or offered for sale outside of California shall not be deemed mislabeled if the label conforms to the law of the forum state or country within which they are sold or offered for sale.

Cal. Bus. & Prof. Code § 17533.7(b)-(e). Subsection (a) of that statute[3] still reads much the same (though not exactly the same) as the version of the statute upon which Plaintiff relies in her FAC, *see* FAC ¶ 68, but it has now importantly been qualified by these additional provisions granting new protections to sellers, manufacturers and producers.

Defendant has directed the Court to several cases, led by *Younger v. Superior*

---

[3] What is now subsection (a) of that statute reads as follows:

> It is unlawful for any person, firm, corporation, or association to sell or offer for sale in this state any merchandise on which merchandise or on its container there appears the words "Made in U.S.A.," "Made in America," "U.S.A.," or similar words if the merchandise or any article, unit, or part thereof, has been entirely or substantially made, manufactured, or produced outside of the United States."

Cal. Bus. & Prof. Code § 17533.7(a).

*Court*, 21 Cal.3d 102 (1978), which stand for the proposition that the amendment of section 17533.7 precludes Plaintiff from relying on the prior version of the statute, even though the sale and purchase involved in her case preceded the newly-amended statute's effective date.  *See also Hamm v. City of Rock Hill*, 379 U.S. 306, 307-08 (1964).  *Younger* referenced "the well settled rule that an action wholly dependent on statute abates if the statute is repealed without a saving clause before the judgment is final."  *Id.* at 109; *see also Daghlian v. Devry Univ., Inc.*, 574 F.3d 1212, 1212-13 (9th Cir. 2009) (stating, in case filed in 2006:  "The California Private Postsecondary and Vocational Education Reform Act…, on which all of Daghlian's claims are based, was repealed without a savings clause effective January 1, 2008….  As Daghlian concedes, the repeal of the Act abates his Education Code claims."); *City of San Jose v. Int'l Ass'n of Firefighters Local 230*, 178 Cal.App.4th 408, 423-24 (2009); *Rankin v. Longs Drug Stores Cal., Inc.*, 169 Cal.App.4th 1246, 1256 (2009); *Zipperer v. Cnty. of Santa Clara*, 133 Cal.App.4th 1013, 1023 (2005).  It explained that "[t]he justification for this rule is that all statutory remedies are pursued with full realization that the legislature may abolish the right to recover at any time."  *Younger*, 21 Cal.3d at 109 (omitting internal quotation marks and quoting *Governing Board v. Mann*, 18 Cal.3d 819, 829 (1977) and *Callet v. Alioto*, 210 Cal. 65, 67-68 (1930)); *see also Zipperer*, 133 Cal.App.4th at 1023 ("'[A]ll statutory remedies are pursued with full realization that the legislature may abolish the right to recover at any time.'  That common law principle has been codified in California, as follows:  'Any statute may be repealed at any time, except when vested rights would be impaired.  Persons acting under any statute act in contemplation of this power of repeal.'") (quoting *Mann*, 18 Cal.3d at 829 and Cal. Gov't Code §9606).  "'No person has a vested right in an unenforced statutory penalty or forfeiture.'  Until it is fully enforced, a statutory remedy is merely an 'inchoate, incomplete, and unperfected' right, which is subject to legislative abolition."  *Zipperer*, 133 Cal.App.4th at 1024 (omitting internal quotation marks; quoting *Dep't of Social Welfare v. Wingo*, 77 Cal.App.2d 316, 320 (1946) and *People v. One 1953 Buick*, 57 Cal.2d 358, 365 (1962)).

Plaintiff's response to this line of cases is off-target.  It appears to the Court that she focuses on cases discussing whether or not amended statutes can retroactively apply to *impose new or additional liability* on a defendant, not on cases that *expand protections*

6

afforded defendants by way of changes to previous statutory foundations for liability. The concerns in the two types of situations are fundamentally distinct. "[D]ifferent considerations are implicated in the limited circumstances in which the Legislature enacts a statute that completely reverses substantive law by effectively permitting previously prohibited conduct," leading "the courts to apply the common law principle of abatement to conclude all still pending actions brought under the old statute must be abated and dismissed." *Rankin*, 169 Cal.App.4th at 1253.

> Indeed, "'[a]lthough the courts normally construe statutes to operate prospectively, the courts correlatively hold under the common law that when a pending action rests solely on a statutory basis, and when no rights have vested under the statute, a repeal of such a statute without a saving clause will terminate all pending actions based thereon.'" In other words, where 'the Legislature has conferred a remedy and withdraws it by amendment or repeal of the remedial statute, the new statutory scheme may be applied to pending actions without triggering retrospectivity concerns….'

*Id.* at 1256 (omitting internal citations; quoting *Zipperer*, 133 Cal.App.4th at 1023, *Mann*, 18 Cal.3d at 829 and *Brenton v. Metabolife Int'l, Inc.*, 116 Cal.App.4th 679, 690 (2004)).

Here, there is no question that Plaintiff's "Made in U.S.A." case is "wholly dependent on statute" and that the 2015 changes to section 17533.7 did not include a "saving clause."[4] As a result, it appears to the Court that Plaintiff's action based on the prior version of section 17533.7 has abated and must be dismissed.

It may well be that if Plaintiff is not able to rely on her desired version of section 17533.7, she is still able to bring other claims. But at this stage, Defendant has argued that Plaintiff's entire case rests on her ability to rely on that outdated version, and Plaintiff has not really made a case otherwise. For instance, Plaintiff did not make any attempt in her Opposition – apart from her generic arguments that she satisfied Rule 9(b) – to address her fourth and fifth claims for relief, for negligent and intentional misrepresentation.

---

[4] In *Younger*, the "repeal" was in the form of an "amendment" which "completely eliminate[d] the earlier procedure for records destruction by order of court." 21 Cal.3d at 109; *see also Zipperer*, 133 Cal.App.4th at 1023 ("[L]egislative action 'can effect a partial repeal of an existing statute.'… The substance of the legislation determines whether it constitutes a repeal.") (quoting *Brenton v. Metabolife Int'l, Inc.*, 116 Cal.App.4th 679, 690 (2004)).

As such, the Court believes that its ruling on the § 17533.7 issue may fundamentally alter the nature of this case. Most[5] of the other issues the parties discuss therefore really need not be confronted at this stage, insofar as the case may have changed significantly once Plaintiff grapples with the reality that she may not rely on the version of the statute she has thus far.

As such, the Court grants Defendant's motion to dismiss with leave to amend, if it is possible for Plaintiff to do so.

---

[5] The Court also shares Defendant's view that, at this point in time, Plaintiff has not alleged a sufficient basis to establish her standing with respect to any product other than the one she bought. *See* FAC ¶ 3 & n. 2; *see also Tria v. Innovation Ventures, LLC*, No. 2:11-cv-07135 GW (PJWx), Docket No. 167, at pgs. 4-6 of 15; *Contreras v. Johnson & Johnson Consumer Cos., Inc.*, No. 12-CV-7099 GW (SHx), Docket No. 19, at 2-3 (C.D. Cal. Nov. 29, 2012); *Red v. Kraft Foods, Inc.*, No. CV 10-1028-GW (AGRx), Docket No. 212, at 2 n.2 (C.D. Cal. Apr. 12, 2012). The key issue here is whether all of the products were made up of the same material as the product she purchased. If she cannot allege that they are/were and cannot establish a *factual* – i.e., non-conclusory – basis for alleging other products' ingredients/components' provenance, it is unclear how those other products would be "substantially similar" (to the extent that matters – the parties have not directed the Court to any controlling Ninth Circuit precedent on this issue, and district courts are divided) for purposes of establishing her standing as broadly as she would like. In addition, the FAC does not do an adequate job of establishing Plaintiff's standing – if she can have any at all, considering her present awareness – to seek injunctive relief. If Plaintiff amends her complaint further, she would be well-advised to take these comments into consideration.